**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2005
THOMAS K. KAHN
CLERK

**No. 05-10264**
**Non-Argument Calendar**

D. C. Docket No. 02-10086-CV-JLK

TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,

Plaintiffs-Counter-Defendant-Appellee,

versus

HELENE M. PEDDLE,
as personal representative of the
estate of Henry Peddle, deceased,

Defendant-Counter-Claimant-Appellant.

**Appeal from the United States District Court**
**for the Southern District of Florida**

**(DECEMBER 9, 2005)**

**Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.**

**PER CURIAM:**

In this case, the district court, in an order issued on November 30, 2004,

granted Travelers Property Casualty Insurance Company a summary judgment declaring that the damage caused by the partial sinking of the late Henry Peddle's 51 ft. Grand Banks Trawler, the LUCKY DUCKS IV, did not fall within the hull and machinery coverage provided by the all risk insurance policy Travelers issued to Peddle for the LUCKY DUCKS IV. Mr. Peddle died on February 12, 2005, and his personal representative now appeals that judgment, contending that the court failed to address "the pivotal issues in the litigation—that corrosion is different from erosion, that a combination of corrosion and erosion caused the loss, that erosion is not specifically excluded from [the] insurance policy and that erosion is therefore covered." Appellant's brief at 8.

Mr. Peddle made essentially the same argument in moving the court on December 14, 2004, to reconsider its order granting Travelers summary judgment. The court denied his motion, stating that "[a]ll of the claims and allegations set forth in [Peddle's] motion have already been litigated, considered, and ruled on by this Court." See Order dated January 5, 2005. Our reading of the record convinces us that the court had indeed considered and disposed of the arguments advanced by the motion for reconsideration. We have now considered the arguments appellant advances in her initial brief, and conclude that they lack merit. In our view, in this case, in which the material facts are not in dispute,

2

the district court correctly interpreted and applied the relevant insurance coverage.

**AFFIRMED.**